NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANIYYAH RASHEED, an individual, | No.   23-55129 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-05259-SSS-KS |
| v. | |
| MT. SAN ANTONIO COLLEGE; MT. SAN ANTONIO COLLEGE BOARD OF TRUSTEES, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted December 8, 2023**
Pasadena, California

Before:  CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Plaintiff-Appellant Saniyyah Rasheed appeals the district court's grant of

summary judgment in favor of Defendants-Appellees Mt. San Antonio College

(the College) and Mt. San Antonio College Board of Trustees (collectively,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendants).  Rasheed brought claims under Title IX of the Education Amendments of 1972, the First Amendment, and California state law arising from her 2019 expulsion from the College.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  We presume the parties' familiarity with the facts of the case and do not discuss them in detail here.

We review *de novo* a district court's grant of summary judgment, and we may affirm on any ground supported by the record, including a ground on which the district court did not rely.  *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020); *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

Rasheed's briefing to this court challenges only the district court's grant of summary judgment on her claims under Title IX and under California Education Code section 66301 (Section 66301).[1]  As to the Title IX retaliation claim, Rasheed argues the district court applied an overly strict but-for standard of causation in finding that Rasheed failed to establish a causal link between her continued accusations against a College administrator and her expulsion.  *See Grabowski v. Arizona Bd. of Regents*, 69 F.4th 1110, 1121 (9th Cir. 2023) (prima facie claim of

---

[1] Rasheed has thereby forfeited any challenge to the district court's rulings on her claims under the First Amendment and under article I, section 2 of the California constitution.  *See Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004) (appellant forfeits any issue not specifically and distinctly argued in opening brief).

2

Title IX retaliation requires plaintiff to show (1) protected activity, (2) adverse action, and (3) "a causal link" between the two).

We have construed the causal link element "broadly" such that a Title IX retaliation plaintiff at the prima facie stage "merely has to prove that the protected activity and the adverse action are *not completely unrelated*." *Grabowski*, 69 F.4th at 1122 (citation omitted) (emphasis added); *see Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 869 (9th Cir. 2014); *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 726 (9th Cir. 2012). We have not addressed the possible impact of the Supreme Court's adoption of a but-for causation standard in the Title VII retaliation context, *see Univ. Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013), and we need not do so here.

Even assuming the district court applied an overly strict standard of causation, we affirm because Rasheed failed to provide sufficient evidence to satisfy the first element of her prima facie case: that she was engaged in a protected activity. As Rasheed correctly points out, the "protected status of her alleged statements holds whether or not she ultimately would be able to prove her contentions about discrimination." *Emeldi*, 698 F.3d at 725. That is, a plaintiff need not prove an underlying Title IX discrimination claim to proceed with a Title IX retaliation claim for reporting perceived misconduct. At the same time, as has long been established in the parallel Title VII retaliation context, to establish

3

that the reporting at issue was protected activity a plaintiff must have a *reasonable belief* that unlawful conduct occurred. *See, e.g.*, *Maner v. Dignity Health*, 9 F.4th 1114, 1127 (9th Cir. 2021); *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983); *see also Emeldi*, 698 F.3d at 725 (holding that "the Title VII framework generally governs Title IX retaliation claims").

Rasheed was expelled, in part, for continuing to accuse an administrator of "sexual assault" after the College's internal Title IX investigation found that the evidence indicated that the administrator had not engaged in the alleged conduct. Rasheed was informed of these findings, but she did not appeal them. In opposition to the motion for summary judgment in the district court, she did not provide any evidence to show that, after the internal investigation, she had a reasonable basis to believe that unlawful conduct had occurred. *See Maner*, 9 F.4th at 1127; *see also Emeldi*, 698 F.3d at 724 (plaintiff bears the burden of establishing a prima facie case); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying on conclusory allegations unsupported by factual data."). Because Rasheed failed to produce any evidence indicating that she had a reasonable belief that the administrator had engaged in unlawful conduct, she failed to establish that her continued post-investigation complaints of sexual assault constitute protected activity. Thus, summary judgment was properly granted for Defendants on the Title IX retaliation

claim.

Turning to the California state law claim, Rasheed argues that because her post-investigation accusations were "protected speech" under Title IX, "they were also protected under . . . Section 66301(a)." The preceding analysis disposes of this derivative argument. However, even assuming Rasheed's speech was protected for purposes of Section 66301(a), that statute only proscribes student discipline that is imposed "solely on the basis of [the protected] conduct." Cal. Educ. Code § 66301(a). Rasheed's expulsion was undisputedly based on *both* her continued accusations *and* an unrelated classroom disruption incident. Accordingly, summary judgment was also warranted on the Section 66301 claim.

The judgment of the district court is **AFFIRMED.**